**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

CHARLENE M. MARTINEZ and
ERIK C. BOYD,

       Plaintiffs,

v.                          No. _____

UNITED STATES OF AMERICA,

       Defendant.

---

## PLAINTIFFS' COMPLAINT

---

     Plaintiffs Charlene M. Martinez and Erik C. Boyd, by and through their attorney of record PARNALL LAW FIRM, LLC (Amber Medina), bring this lawsuit pursuant to the Federal Tort Claims Act, seeking damages from the United States of America.

### 1.0 - PARTIES

     1.     At all times material hereto, Plaintiff Charlene M. Martinez was a resident of Bernalillo County, New Mexico.

     2.     At all times material hereto, Plaintiff Erik C. Boyd was a resident of Bernalillo County, New Mexico.

     3.     Defendant United States of America may be served by serving a copy of the summons and complaint upon the Attorney General of the United States and the United States Attorney for the District of New Mexico.

     4.     Defendant is the United States of America. Pursuant to Federal Rule of Civil Procedure 4(i), Plaintiff requests that citation be issued and that service be effected upon Alexander M.M. Uballez, United States Attorney for the District of New Mexico, by serving the Civil Process

Clerk, 201 3rd St. NW #900, Albuquerque, NM 87102, as well as upon the United States Attorney General, Merrick Garland, by serving the Office of the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave, NW, Washington, D.C. 20530.

**2.0 – JURISDICTION AND VENUE**

5.      This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. §1346(b) and 28 U.S.C.A. §2671 et seq.

6.      This Court has jurisdiction pursuant to Section 1346(b)(1) for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States Border Patrol while acting within the scope of his office or employment.

7.      All conditions precedent and prerequisite to filing suit have been met pursuant to 28 U.S.C.A. §2675. A copy of the Claims for Damage, Injury or Death, Form SF95, is attached as Exhibit A to the Complaint.  Additionally, a supplemental Claims for Damage, Injury or Death, Form SF95, is attached as Exhibit B to the Complaint. More than six months before this action was instituted, the claim set forth herein was presented to the United States Customs and Border Protection. Said agency made a final disposition / denial of all claims individually on July 12, 2023. A copy of the Denial is attached as Exhibit C to the Complaint. Plaintiff is filing this Complaint within the six months allowed after said denial.

8.      Venue is proper in the District of New Mexico because Plaintiffs resided in the District where the crash occurred (and still reside in the District) and because the acts and omissions which are the basis of this lawsuit occurred in the District of New Mexico.  28 U.S.C. § 1402.

## 3.0 - FACTUAL ALLEGATIONS

9.      At all times relevant to this lawsuit, agents of the United States Customs and Border Protection were employees of the United States of America (hereinafter "CBP agents"). Specifically, they were employed by the El Paso Sector/Las Cruces Station of the United States Customs and Border Protection.

10.      At all times relevant to this lawsuit, the CBP agents were in the course and scope of their employment with the United States of America.

11.      On or about February 28, 2022, CBP agents were engaged in a vehicle pursuit in an undisclosed area north of Las Cruces, New Mexico in the El Paso Sector/Las Cruces Station. According to agency reports the pursuit initially began on February 27, 2022 at 23:58 p.m. and ended in the early morning of February 28, 2022.

12.      On or about February 28, 2022, Plaintiff Charlene M. Martinez was driving a Ford F-150 pickup in the area of the pursuit by CBP.

13.      The Ford F-150 pickup was owned by Plaintiff Erik C. Boyd, Plaintiff Martinez's husband.

14.      According to redacted CBP reports, CBP agents were in pursuit of a 2010 Hyundai accent, which had turned around south of the checkpoint. At some point, CBP agents had placed spike strips. Speeds during the pursuit were reported by CBP to be at a high of 105 mph.

15.      At some point Plaintiff Charlene M. Martinez ran over a spike strip left on the highway by CBP agents.

16.      The front tires of the F-150 were destroyed by the spike strip, causing Plaintiff to lose control of the vehicle she was driving and crash into the ditch.

17.      Plaintiff Charlene M. Martinez was seriously injured in the crash.  The tires of the

F-150 owned by Plaintiff Erik C. Boyd were destroyed and the vehicle was totaled.

## 4.0 – CAUSE OF ACTION

18.     Plaintiffs repeat the above allegations as though set forth in full.

19.     CBP agents were negligent in the vehicle pursuit on February 27-28, 2022. Specifically, CPB agents:

a.      Deployed spike strips (also known as vehicular immobilization devices "VIDs") on the roadway where and when it was unsafe to do so;

b.      Utilized VIDs when it was not objectively reasonable and necessary in order to carry out CBP agent duties;

c.      Used VID although the immediate and potential danger to the public was greater than allowing the suspect vehicle to proceed without deployment;

d.      Failed to remove and/or deactivate the VID from the roadway although unsafe and/or unnecessary;

e.      Failed to remember safety is paramount; and

f.       Caused the vehicle of Plaintiffs to come in contact with a VIDs and wreck.

20.     The negligence of CBP agents was the proximate cause of Plaintiff Charlene M. Martinez's injuries and damages, and the damages to Plaintiff Erik C. Boyd's vehicle.

21.     Defendant United States of America is vicariously liable for the negligence of U.S. Customs and Border Protection and CBP agents under the Federal Tort Claims Act and under the doctrine of respondent superior.

22.     U.S. Customs and Border Protection agents were in the course and scope of their employment with Defendant United States of America at the time of the crash and at all times relevant to this lawsuit.

### 5.0 - DAMAGES

23.     Plaintiffs repeat the above allegations as though set forth in full.

24.     As a further direct and proximate result of the Defendant's wrongful conduct, Plaintiff Charlene Martinez has suffered injuries and damages including, but not limited to, physical injuries, past incurred and future medical expenses, loss of income and income opportunity, loss of household services, property damage, loss of use, loss of life's enjoyment, emotional distress, and emotional and physical pain and suffering. Plaintiff Eric Boyd suffered property damages. All Plaintiffs' damages in the amount as set forth in Form 95, along with all other allowed damages, will be proven at trial.

        WHEREFORE, Plaintiffs request that this Court enter Judgment against the Defendant for compensatory damages in an amount to be proven at trial, costs incurred in the prosecution of this action, pre-judgment and post-judgment interest, and for such other and additional relief as the Court may deem proper.

                                Respectfully submitted,

                                */s/ Amber Medina*
                                _____
                                Amber Medina
                                PARNALL LAW FIRM, LLC
                                BAR ID 23-379
                                P.O. Box 8009
                                Albuquerque, NM 87198
                                (505) 268-6500; FAX (505) 268-8708
                                Attorneys for Plaintiff